# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARK A. WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09CV901 |
| ) | |
| LAWRENCE G. GORDON, JR., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Mark A. Ward, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Lawrence G. Gordon, Jr., the Clerk of Superior Court for Forsyth County, North Carolina, as the sole defendant in the case. Plaintiff alleges that Gordon conspired with others to extort $2,000 from him in return for his release from jail. However, the details stated in the complaint, along with attachments Plaintiff has provided, show that Gordon summoned Plaintiff to court for failing to pay $2,000 in attorneys fees and sanctions. The resulting hearing ended with Plaintiff being held in contempt and incarcerated until he purged himself of the contempt by paying the $2,000 he owed. Plaintiff paid the money the day after he was held in contempt. Plaintiff seeks damages and an injunction against Gordon.

Plaintiff seeks to proceed as a pauper. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to Plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. *White v. White*, 886 F.2d 721 (4th Cir. 1989). The Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

There are two problems with Plaintiff's complaint. First, he alleges no federal cause of action. His claims are for "extortion" and the violation of certain state laws. Neither the language he uses nor the facts he sets out indicate a violation of any federal law or right. Second, Plaintiff names the Clerk of Superior Court as his only defendant. Court clerks are accorded derivative absolute immunity when they act in obedience to judicial order or under

the court's direction. *See*, *e.g.*, *McCray v. State of Md.*, 456 F.2d 1 (4th Cir. 1972). Plaintiff pleads no facts which would, if true, overcome this immunity and entitle him to relief. In fact, despite Plaintiff's use of hyperbolic language, his complaint really only alleges that Gordon was doing his job by summoning Plaintiff to court for a scheduled hearing in an ongoing civil case. The events that transpired at the hearing appear to have nothing to do with Gordon. Gordon then acted in accordance with the contempt order by accepting Plaintiff's payment to purge the contempt. To the extent that Plaintiff requests damages from Gordon, they are barred by immunity. Plaintiff does request injunctive relief, relief which may not be barred by such immunity, but he has not requested a proper injunction. Plaintiff has asked for an injunction requiring that Gordon not commit "any further acts in furtherance of said conspiracy." This request for injunctive relief is impermissibly broad. Plaintiff also fails to allege that there is now any danger of further action now that he has paid his debt. Plaintiff's entire complaint should be dismissed for all of these reasons.

Plaintiff is therefore not entitled to further proceed as a pauper. Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 8, 2009